OPINION. Black, Judge: Respondent in his determination of the deficiencies has added to the taxable net income shown on the joint returns filed by petitioners for the years 1954 and 1955, $22,564.61 and $22,413.04, respectively, and has explained his adjustments as follows: (a) It is determined that income from the sale of automobiles in the years 1954 and 1955, as computed on the accrual method under the provisions of Section 446(e) (2) of the Internal Revenue Code of 1954, was understated in amounts of $22,564.61 and $22,413.04, respectively. Section 446 of the 1954 Code to which respondent refers is printed in the margin.[1] Inasmuch as petitioners were, in fact, during the taxable years conducting two businesses, to wit, Parker Eealty Company and Parker Motor Company, they could have, under the permission granted by section 446(d) of the Code quoted in the margin, used a different method of accounting for each trade or business. But they did not do so. The facts show that the methods of accounting used by the Parker Realty Company and the Parker Motor Company were essentially the same. The method of accounting used in both business activities was a hybrid system of accounting. The Commissioner initiated a change in petitioners’ method of accounting for the Parker Motor Company. Both parties in their briefs discuss section 481, I.R.C. 1954. That part of section 481 which it seems to us is applicable to the instant case is printed in the margin,[2] and provides that, if the taxpayer initiates the change in method, adjustments are to be made to prevent duplication or omissions of income. It seems clear that in the instant case the petitioners did not initiate any change in accounting methods. In their brief they concede that neither the method used in Parker Realty transactions nor in Parker Motor transactions clearly reflected income. They concede that the methods of accounting used by them were a hybrid system which, under the applicable law and regulations, did not clearly reflect income. Therefore, they argue, that in view of the fact that the Commissioner in his deficiency notice initiated the change and placed all automobile transactions on an accrual basis, he should carry through with it and use the accrual system both as to the dealings in real estate equities and the dealings in automobiles. As we understand from the record, petitioners concede that to change them to an accrual system from the hybrid system will result in an increase in their income from the sale of automobiles, $22,564.61 in 1954 and $22,413.04 in 1955. But they also contend that to use an accrual system in their transactions in real estate equities for the same taxable years will result in much less income than was reported by them on their joint returns from the sale of real estate equities. They point out that there was reported in the joint return for 1954, $14,-439.77 and in the joint return for 1955, $12,625.01 from the sale of real estate equities. These will be substantially less than the above figures under an accrual system. Petitioners contend that to use an accrual method on the sale of real estate equities instead of the hybrid system which was used in the returns will result in a net income of $6,505.27 for 1954, instead of the net income of $14,439.77 which was actually reported from this source, and that for 1955 there will be a net income of $2,049.98 from this source instead of the $12,625.01 which was actually reported on the joint return. Therefore, say petitioners, inasmuch as the Commissioner in his deficiency notice has placed the Parker Motor Company on an accrual basis, he should also place the Parker Realty Company on an accrual basis. If petitioners’ contention is correct that they were engaged in only one business and not two, then they would doubtless be correct in contending that the Commissioner could not place one branch of the business, to wit, the purchase and sale of automobiles, on an accrual basis and leave the other branch of the business, to wit, the purchase and sale of real estate equities, on the hybrid system of accounting. He would doubtless have to place both lines of business, if they are to be considered one business, on an accrual basis, having placed one of them on an accrual system. But in our findings of fact we have found, after a careful consideration of all the evidence, both oral and stipulated, that petitioner was, during the taxable years in question, operating two separate businesses, viz: (1) The purchase and sale of real estate equities under the name of Parker Realty Company, and (2) the purchase and sale of automobiles under the name of Parker Motor Company. It being true that petitioner was operating two separate businesses, we know of no law which would prevent the Commissioner from determining that the books and records of the purchase and sale of automobiles and the income tax returns based thereon did not reflect correctly petitioners’ income from that business and from determining that the Parker Motor Company be placed on an accrual basis. This he has done. But he does not at the same time have to initiate a change in the method of accounting of petitioner’s Parker Eealty Company in the purchase and sale of real estate equities from the hybrid system of accounting which was used to an accrual system of accounting. Of course, it is permissible for petitioner to make application to the Commissioner to make such a change but he has not done so. If he should make application for such a change and it should be granted, he would be the initiator of the change and some adjustments for prior years would doubtless have to be made under the applicable statute. It is the contention of respondent that to hold in the instant case that the Commissioner has initiated a change in the accounting methods of Parker Eealty Company would prevent some $89,000 of pre-1954 income from being taxed. In other words, if such change is initiated by petitioner adjustments for prior years to the taxable years here involved will have to be made totaling some $89,000. We, of course, do not here pass upon what changes would have to be made in the event petitioner initiates the change — he has not done so. What we hold is that the Commissioner in his deficiency notice did change petitioner from the hybrid system of accounting to an accrual system in petitioner’s business of buying and selling automobiles. We also hold that in his determination of the deficiencies the Commissioner has made no change in the method of accounting of the Parker Eealty Company. If the petitioner is to make a change in the hybrid system of accounting used in the Parker Eealty Company business to an accrual system, he will have to make application to the Commissioner to make such a change and if the Commissioner should grant the request, he will doubtless require that adjustments are to be made by petitioner for prior years to prevent duplications or omissions of income. We have no such question before us in the instant case. Therefore, we hold that the Commissioner did not err in failing to compute petitioners’ income from Parker Eealty Company transactions on an accrual basis. At the trial concessions were made by both parties as to certain more or less minor items. These concessions will be given effect under Eule 50. Decision will be entered for the years 195⅛ and 1955 under Rule 50, and an order will be entered for the year 1956 dismissing the proceeding for lack of jurisdiction. SEC. 44©. GENERAL RULE FOR METHODS OF ACCOUNTING. (a) General Rule. — Taxable Income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his Income in keeping his books. (b) Exceptions. — If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary or his delegate, does clearly reflect income. (e) Permissible Methods. — Subject to the provisions of subsections (a) and (b), a taxpayer may compute taxable income under any of the following methods of accounting— (1) the cash receipts and disbursements method; (2) an accrual method; (3) any other method permitted by this chapter; or (4) any combination of the foregoing methods permitted under regulations prescribed by the Secretary or his delegate. (d) Taxpayer Engaged in More Than One Business. — A taxpayer engaged in more than one trade or business may, in computing taxable income, use a different method of accounting for each trade or business. (e) Requirement Respecting Change op Accounting Method. — Except as otherwise expressly provided in this chapter, a taxpayer who changes the method of accounting on the basis of which he regularly computes his income in keeping his books shall, before computing his taxable income, under the new method, secure the consent of the Secretary or his delegate. SEC. 481. ADJUSTMENTS REQUIRED BY CHANGES IN METHOD OF ACCOUNTING. (a) General Rule. — >In computing the taxpayer’s taxable income for any taxable year (referred to in this section as the “year of the change”)— (1) if such computation is under a method of accounting different from the method under which the taxpayer’s taxable income for the preceding taxable year was computed, then (2) there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted, except there shall not be taken into account any adjustment in respect of any taxable year to which this section does not apply unless the adjustment is attributable to a change in the method of accounting initiated by the taxpayer.